ANDERSON KILL & OLICK, P.C.
A New York Professional Corporation
Han J. Ahn (HA 2420)
One Gateway Center, Suite 901
Newark, NJ 07102
973-642-5858

Attorneys for Defendant
Kmart Management Corp.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHAN ELLIOTT,<br><br>            Plaintiff,<br><br>vs.<br><br>KMART MANAGEMENT CORP., a<br>corporation and JOHN DOE CORP. 1-5,<br><br>            Defendants. | No._____<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant Kmart Management Corp.

("Kmart"), through its undersigned counsel, hereby removes the action entitled <u>Nathan

Elliott vs. Kmart Management Corp., a corporation and John Doe Corp. 1-5</u>, Docket No.

L-2315-04, from the Superior Court of the State of New Jersey, Law Division- Hudson

County, to the United States District Court for the District of New Jersey, pursuant to 28

U.S.C. §§ 1332 and 1441, <u>et seq.</u>  In support of this Notice of Removal, Kmart states

the following:

      1.  Kmart is a defendant in an action commenced in the Superior Court of

the State of New Jersey entitled <u>Nathan Elliott vs. Kmart Management Corp., a

corporation and John Doe Corp. 1-5</u>, Docket No. L-2315-04 (the "State Court Action"),

in which Nathan Elliott ("Elliott") purports to set forth causes of action against Kmart for:

NYDOCS1-733729.1

(1) Violation of the Workers' Compensation Protective Act, N.J.S.A. 34:15-39.1, et seq., retaliatory action for having sought and obtained Workers' Compensation Benefits, and (2) Violation of the New Jersey Law Against Discrimination as a form of Disability Discrimination in violation of N.J.S.A. 10:5-4.1, et seq.

2.  Upon information and belief, the Summons and Complaint in the State Court Action were filed in the Superior Court of the State of New Jersey, Law Division- Hudson County, on or about April 28, 2004.  Kmart was served with a copy of the Summons and Complaint on or about May 20, 2004.  Copies of the Summons and Complaint are annexed hereto as Exhibit "A" ("Complaint"), and are incorporated as a part of this Notice of Removal.

3.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the plaintiff alleges damages in the complaint that easily exceed $75,000.

4.  This Notice of Removal is not being filed on behalf of the other unnamed defendants, John Doe Corp. 1-5 which have not been identified nor, upon information and belief, served.

5.  Kmart hereby certifies that a copy of this Notice of Removal will be filed promptly with the clerk of the Court from which this action is being removed, and written notice of the filing of this Notice of Removal will be given to all adverse parties.

PLEASE TAKE FURTHER NOTICE, that, pursuant to 28 U.S.C. 1446(d), upon filing of this Notice of Removal with the Clerk of the Court, this case is removed to this Court, and the Superior Court of the State of New Jersey, Law Division- Hudson County, shall proceed no further unless and until the case is remanded.

Dated: June 18, 2004

ANDERSON KILL & OLICK, P.C.
A New York Professional Corporation

By: _____

Han J. Ahn, Esq. (HA 2420)
One Gateway Center, Suite 901
Newark, NJ 07102
973-642-5858

Michael J. Lane, Esq. (ML 0746)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182
Telephone: 212-278-1000

Attorneys for Defendant
Kmart Management Corp.

Exhibit A

Attorney(s): Alan L. Krumholz, Esq.
Law Firm:  Krumholz Dillon, P.A.
Address:  574 Summit Avenue, Suite 402
          Jersey City, New Jersey 07306

Telephone No.: (201) 656-5232
Fax No.:       (201) 656-7270
E-mail:
Attorney(s) for Plaintiff(s):

NATHAN ELLIOTT

                          Plaintiff(s)

              vs.

K MART MANAGEMENT CORP., a corporation

                          Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW                    DIVISION
HUDSON                 COUNTY

DOCKET NO.  HUD-L-2315-04

CIVIL ACTION
Summons

From the State of New Jersey
To the Defendant(s) Named Above:       K MART MANAGEMENT CORP., a corporation

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: May 17, 2004

Name of Defendant to Be Served:

Address of Defendant to Be Served:

_Donald Phelan_
Superior Court Clerk

K MART MANAGEMENT CORP., a corporation
Route 440
Kellog Street
Jersey City, New Jersey 07305

21 - Summons - Law or Chancery Divisions
Superior Court - Appendix XII-A
Rev. 3/3/02  P1/02

MAY 20 '04 17:25

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com  800.222.0510     Page 1

PAGE.01

05/21/2004 FRI 16:42 [TX/RX NO 9441] Ø002

KRUMHOLZ DILLON, P.A.
574 Summit Avenue
Jersey City, NJ 07306
(201) 656-5232
Attorneys for Plaintiff

NATHAN ELLIOTT

　　　　　　　Plaintiff

　　　　vs

K MART MANAGEMENT CORP.,
a corporation and JOHN
DOE CORP. 1-5

　　　　　Defendants

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
COUNTY OF HUDSON

DOCKET NO.:

L-2315-04

FILED
TEAM 2

APR 28 2004

SUPERIOR COURT
OF NEW JERSEY
COUNTY OF HUDSON
CIVIL ACTION DIVISION #8

COMPLAINT

Plaintiff, Nathan Elliott, residing at 157 Carteret Avenue, Jersey City, New Jersey, complaining of the Defendants, says:

## FIRST COUNT

1. That the plaintiff Nathan Elliott, became employed by the defendant K Mart Management Corp., a corporation and/or John Doe Corp. 1-5, in approximately August 2003 in the receiving department.

2. That on or about October 3, 2003, the plaintiff sustained an injury during the course of his employment which involved a fracture of his right foot which required the plaintiff to obtain medical treatment, to lose time from work and to obtain Workers'

Compensation Benefits.

3.     That upon his return to the job after having sustained the injury of October 3, 2003, the plaintiff became aware that the number of hours of work per week were significantly reduced and thereafter he was terminated from his employment on December 16, 2003, without notice and without reason.

4.     Plaintiff contends that the conduct of the defendant in terminating the plaintiff's employment was a retaliatory action against the plaintiff for having sought and obtained Workers' Compensation Benefits in violation of the plaintiff's rights under the Workers' Compensation Protective Act, N.J.S.A. 34:15-39.1, et seq.

5.     As a result of the actions of defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment, and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages on this count of the Complaint, against any or all of the said Defendants, together with interest, attorney fees and costs of suit.

### SECOND COUNT

Plaintiff repeats the allegations of the previous counts of the Complaint and incorporates same herein by reference and

further says:

1.     Plaintiff contends that the termination of his employment by the defendant resulted in a violation of plaintiff's rights under the New Jersey Law Against Discrimination as a form of Disability Discrimination in violation of N.J.S.A. 10:5-4.1, et seq.

2.     As a result of the actions of defendant(s) as aforesaid, plaintiff was caused to sustain a loss of employment and income and was caused to sustain emotional and psychological distress and harm, embarrassment, and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages on this count of the Complaint, against any or all of the said Defendants, together with interest, attorney fees and costs of suit.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Alan L. Krumholz, Esq., is hereby designated as trial counsel for Plaintiff in the within matter.

## R.4:5-1 CERTIFICATION

Pursuant to R.4:5-1, it is hereby certified that, to the best of our knowledge and belief, the matter in controversy is

not the subject of any other action pending in any other Court or of a pending Arbitration proceeding. Also, to the best of our knowledge and belief, no other action or Arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, at the present time we know of no other parties that should be joined in this action.

KRUMHOLZ DILLON, P.A.
Attorneys for Plaintiff

By: _____
ALAN L. KRUMHOLZ